UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT D. THORSON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. C18-136 RSM

ORDER STAYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

## I. INTRODUCTION

This matter comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Dkt. #1. Because Petitioner has appealed his conviction to the Ninth Circuit Court of Appeals, because that appeal is still pending, and for the reasons set forth below, the Court now STAYS Petitioner's § 2255 Motion pending resolution of the direct appeal.

## II. BACKGROUND

On February 13, 2017, Petitioner Robert Thorson was found guilty of one count of production of visual depictions of minors engaged in sexually explicit conduct (18 U.S.C. §§ 2251(a) and 2551(e)) and one count of possession of visual depictions of minors engaged in child pornography (18 U.S.C. §§ 2252(a)(4)(B) and (b)(2)). *United States v. Thorson*, Case No. CR16–277RSM, Dkt. #87 (Feb. 13, 2017). Petitioner received a 324-month sentence on count one and

ORDER – 1

a 240-month sentence on count two, with the sentences to run concurrently. *Id.*, Dkt. #132 (May 12, 2017).

Upon being sentenced, Petitioner filed a notice of appeal. *Id.*, Dkt. #130 (May 12, 2017). Plaintiff's appeal is still pending before the Ninth Circuit Court of Appeals. *United States v. Thorson*, Case No. 17-30100 (9th Cir. 2018). Petitioner's appeal centers on whether the government committed misconduct by "cross-examining Thorson without a good faith basis, commenting on Thorson's right to counsel and to present a defense, and commenting on his right to remain silent." *Id.*, Dkt. #15 at 8. Petitioner's appeal seeks reversal of count one and remand for a new trial. *Id.* at 12.

Plaintiff subsequently filed a motion under 28 U.S.C. § 2255 on January 26, 2018 ("§ 2255 Motion"). Dkt. #1. Petitioner's § 2255 Motion seeks relief on the basis of: (1) sufficiency of the evidence; (2) congressional overreach; (3) Speedy Trial Act of 1974; (4) ineffective assistance of counsel; (5) witness perjury; (6) post-*Miranda* silence;[1] (7) judicial bias; and (8) *Faretta* hearing. *Id.* Petitioner's § 2255 Motion seeks "reversal or dismissal of all charges." *Id.*

On January 31, 2018, the Court ordered the United States to file and serve an Answer. Dkt. #4. Respondent sought a stay in answer to the Petitioner's § 2255 Motion, pending Petitioner's appeal before the Ninth Circuit Court of Appeals. Dkt. #7. Petitioner has filed a reply opposing the request for a stay. Dkt. #8.

---

[1] Petitioner argues specifically that the "prosecution impeached me on the witness stand using my post-*Miranda* silence against me." Dkt. #1 at 11. Petitioner expands that the government "impermissibly sought to draw adverse inferences from the Defendant's post arrest-post *Miranda* silence, and his right to contest an invasive motion to compel." Dkt. #1 at 51. Petitioner's argument in this regard track and overlap with the arguments advanced in Petitioner's direct appeal. Compare Dkt. #1 at 51–53 *with United States v. Thorson*, Case No. 17-30100, Dkt. #15 (9th Cir. Sept. 25, 2018).

ORDER – 2

## III. DISCUSSION

A motion under 28 U.S.C. § 2255 permits a federal prisoner, in custody, to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law. Petitioner is required, under 28 U.S.C. § 2255(f), to file a motion within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

The rule within the Ninth Circuit is that "'[a] district court should not entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court.'" *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991), *cert. denied*, 503 U.S. 975 (1992); *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987)). There is uncertainty, however, as to:

> whether this rule reflects a jurisdictional bar or simply a prudential concern. Compare *Feldman*, 815 F.2d at 1323 (dismissing defendant's premature habeas petition 'because the district court lacked subject matter jurisdiction to entertain [the] petition") with *Pirro*, 104 F.3d at 299 (noting that this rule was created "for reasons of judicial economy") and Rules Governing § 2255 Proceedings for the United States District Courts, Rule 5, Adv. Comm. Notes ("We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances."). We need not resolve this discrepancy, however, because the district court should refrain from hearing LaFromboise's § 2255 motion until after he exhausts his direct appellate review rights under either theory.)

*United States v. LaFromboise*, 427 F.3d 680, 686 n.9 (9th Cir. 2005).[2]

---

[2] The Court notes that a judgment of conviction does not become final for the purposes of the one-year statute of limitations until "the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522 (2003). *See also Hosey v. United States*, 518 F. Supp. 2d 732, 734 (D. S.C. 2007) (conviction final for purposes of § 2255 "on the date when the petitioner could no longer seek direct review") (quoting *United States v. Walker*, 165 F.3d 22 (4th Cir. 1998)); *United States v. Cabiness*, 278 F. Supp. 2d 478, 484 (E.D. Pa. 2003) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999));

ORDER – 3

In unusual and extraordinary circumstances, however, a defendant in a federal criminal prosecution may simultaneously have a direct appeal and a § 2255 proceeding each seeking to overturn the conviction and sentence. *See Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970). Direct appeals and collateral attacks under § 2255 serve different purposes. *United States v. Frady*, 456 U.S. 152 (1982) (explaining that direct appeal results in a final judgment perfected by appeal that may then be subjected to "a series of endless postconviction collateral attacks"). Likewise, different issues may be advanced on direct appeal and on collateral attacks under § 2255. *United States v. Walter-Eze*, 869 F.3d 891, 906 n.3 (noting that direct appeal is limited to the record and additional factual development is proper in collateral attack under § 2255) (citing *Massaro v. United States*, 538 U.S. 500 (2003)). For this reason, a court may allow, upon a showing of extraordinary circumstances by the petitioner, a collateral attack to proceed at the same time as a direct appeal. *United States v. Taylor*, 648 F.2d 565 (1981).

Respondent's request for a stay is consistent with the general rule and Petitioner has not made a showing of exceptional circumstances. First, as a matter of judicial economy, a stay is warranted. Petitioner argues that the issues on direct appeal and in the § 2255 Motion do not wholly overlap because the direct appeal is only with regard to one count of the sentence. Dkt. #8 at 3. However, Plaintiff has asserted the same claims of misconduct in both the direct appeal and the § 2255 Motion. While the § 2255 Motion contains additional arguments and attacks both counts, the matters still overlap with regard to count one. Petitioner is correct that the direct appeal may not make his § 2255 Motion entirely moot, but the Court's limited resources are not

---

*United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (citing *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997); *Clark v. United States*, 955 F. Supp. 593, 594 (E.D. Va. 1997); *United States v. Bazemore*, 929 F. Supp. 1567, 1569 (S.D. Ga. 1996)). Given the consensus that a judgment of conviction is not final until direct appeals are concluded, the reasonable conclusion is that consideration of a § 2255 motion may be untimely until all direct appeals are concluded.

ORDER – 4

well spent resolving an issue that may be resolved in the direct appeal. Thus, as a matter of judicial economy, the § 2255 Motion should not proceed while the direct appeal is pending.

Second, as a matter of avoiding duplicitous and inconsistent decisions, a stay is warranted. *See Taylor*, 648 F.2d at 572 (noting that delaying consideration of collateral attacks until after the resolution of direct appeals minimizes "the risk of duplicitous and conflicting judicial administration"); *United States v. Banaga*, Nos. CR-S-03-0064 WBS and CV-S-07-1853 WBS, 2007 WL 3407427 (E.D. Cal. 2007) (noting that "the risk of inconsistent rulings from this court and the Court of Appeals is too high to allow this motion to proceed"). Petitioner argues that the direct appeal "will have no direct [e]ffect on this petition even if successful." Dkt. #8 at 5. Petitioner's argument is speculative. There is overlap between the issues of the direct appeal and the § 2255 Motion. The overlap squarely creates a risk of duplicitous or inconsistent decisions and this Court will benefit from the higher courts' resolution of the direct appeal. Thus, as a matter of avoiding duplicitous and inconsistent decisions, the § 2255 Motion should not proceed while the direct appeal is pending.

Third, because the Petitioner has not demonstrated extraordinary circumstances, a stay is warranted. In *United States v. Prows*, the Tenth Circuit Court of Appeals found extraordinary circumstances because there was a "complete dichotomy" of the issues on direct appeal and the § 2255 motion and because the government had sought the direct appeal. 448 F.3d 1223, 1229 (10th Cir. 2006). Specifically, the court noted that finding a complete bar to hearing the § 2255 motion would allow the government to "effectively keep [the petitioner] in custody for years while it exercises its appellate rights." *Id.* Here, Petitioner has sought direct appeal of the judgment of conviction. *See also United States v. Swisher*, Nos. CV-09-55-S-BLW, CR-07-182-S-BLW, 2009 WL 1149445 (D. Idaho 2009) (noting that petitioner did not demonstrate

ORDER – 5

extraordinary circumstances where the petitioner and not the government had sought direct appeal). Because the issues of the direct appeal and the § 2255 Motion overlap and because the Petitioner sought the direct appeal, the § 2255 Motion should not proceed while the direct appeal is pending.

## VI. CONCLUSION

Having considered Petitioner's motion, Respondent's motion to stay in answer thereto, Petitioner's reply, and the remainder of the record, the Court hereby finds and ORDERS:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. #1) is STAYED pending resolution of the appeal by the Ninth Circuit Court of Appeals.

2. The government shall provide notice to Petitioner and the Court when Petitioner's direct appeal has been resolved and request that the Court reset a briefing schedule for Respondent's response and Petitioner's reply, if any. Should Petitioner want to amend his § 2255 Motion following resolution of the direct appeal, he shall provide the Court notice as soon as practicable so that the Court may account for that in the Court's briefing schedule.

3. The Clerk of the Court is directed to mail a copy of this Order to Robert D. Thorson, No. 48042-086, FCI-Sheridan, Federal Correctional Institution, P.O. Box 5000, Sheridan, OR 97378.

DATED this 11th day of April 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE