UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT D. THORSON, | Case No. C18-136RSM |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

This matter comes before the Court on Petitioner's Motion for Reconsideration of Minute Order Striking Petitioner's Rule 55(a) Motion for Default Judgment and Notice of Interlocutory Appeal ("Motion for Reconsideration"). Dkt. #13. Because the Court has previously entered a stay in this matter pending Petitioner's direct appeal to the Ninth Circuit Court of Appeals (Dkt. #9) and because Petitioner's Motion fails on the merits, the Court denies Petitioner's Motion.

## II. BACKGROUND

On April 11, 2018, the Court stayed Petitioner's § 2255 Motion pending resolution of his direct appeal to the Ninth Circuit. Dkt. #9. The Court stayed the matter because Petitioner did not demonstrate extraordinary circumstances warranting pursuit of a direct appeal and a § 2255 Motion at the same time and because a stay was warranted for judicial economy and to avoid duplicitous and inconsistent decisions. *See id.*

ORDER – 1

On April 11, 2018, the Court received and docketed Petitioner's Motion for Default Judgment and Dismissal of All Counts and Charges against Petitioner ("Motion for Default"). Dkt. #10. That Motion was dated by Petitioner on April 9, 2018. *Id.* Because the Court had already found a stay appropriate, the Court struck, by minute order, Petitioner's Motion for Default. Dkt. #11. Petitioner now seeks reconsideration of the Court's April 13 Minute Order.

### III. DISCUSSION

Petitioner's Motion for Reconsideration fails because the Court has already stayed this action. Petitioner did not seek reconsideration of the stay and cannot now attempt to sidestep the stay. Petitioner argues that the Court should apply the "prison mailbox rule" to his Motion for Reconsideration and treat his Motion as though it had been filed prior to entry of the stay. Dkt. #13. Whether or not the prison mailbox rule applies,[1] this argument misses the point. The Minute Order was entered because the Court determined that a stay is warranted and the reasons justifying a stay apply whether Petitioner's Motion for Default was filed before or after the stay. Petitioner's Motion also fails on the merits. "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h). Petitioner does not allege new facts or legal authority showing that the Court erred in striking his Motion pursuant to the stay.

---

[1] Petitioner points to no legal authority demonstrating that the prison mailbox rule should be applied in this manner. The rule is generally applied to the timeliness of the petitioner's initial filing. *See e.g. Hernandez v. Spearman*, 764 F.3d 1071 (9th Cir. 2014). The Court sees the propriety of applying the prison mailbox rule to excuse Petitioner from applicable deadlines. For example, the Court finds it appropriate to consider Petitioner's Motion for Reconsideration even though it was docketed more than 14 days after the Court's Minute Order and would therefore be untimely under Local Rule 7(h)(2). Petitioner signed and dated his Motion on April 26, 2018, within 14 days of the Court's April 13 Minute Order—and presumably gave the motion to prison officials to mail. The Court does not, however, see the propriety of applying the prison mailbox rule to every single document filed by Petitioner in this action.

ORDER – 2

Instead, Petitioner argues that the Court should have considered the merits of his underlying Motion for Default and granted him the relief requested. Even if the Court is required to consider the strength of the merits in striking a motion pursuant to a stay, Federal Rule of Civil Procedure 55(a) does not clearly apply to § 2255 Motions,[2] Petitioner sought default judgment,[3] and the government had appeared in the action.[4] Petitioner has not demonstrated any manifest error with regard to the Court's April 13 Minute Order striking his Motion for Default.

## VI. CONCLUSION

Accordingly, the Court hereby finds and ORDERS that Petitioner's Motion for Reconsideration (Dkt. #13) is DENIED. The Court will not consider further filings from Petitioner until the status of Petitioner's direct appeal warrants lifting the stay in this matter.

The Clerk of the Court is directed to mail a copy of this Order to Robert D. Thorson, No. 48042-086, FCI-Sheridan, Federal Correctional Institution, P.O. Box 5000, Sheridan, OR 97378.

DATED this 8 day of May, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See United States v. Neal*, No. CR S-10-0158 GEB DAD P., 2013 WL 708589 at *1 (E.D. Cal. Feb. 26, 2013) (expressing uncertainty as to whether "Rule 55 of the Federal Rules of Civil Procedure is applicable to a motion brought under 28 U.S.C. § 2255").

[3] "No motion for judgment by default should be filed against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered." LCR 55(b)(1).

[4] *See Grimes v. United States*, 846 F.2d 1382 (9th Cir. 1988) (not error to refuse to enter judgment of default against government in § 2255 action where government had filed a preliminary response and a motion to continue); LCR 55(a) ("[I]n the case of a defaulting party who has entered an appearance, the moving party must give the defaulting party written notice of the requesting party's intention to move for the entry of default at least fourteen days prior to filing its motion and must provide evidence that such notice has been given in the motion for entry of default."); LCR 55(b)(4) ("If the defaulting party has appeared, the motion shall be noted in accordance with LCR 7(d)(3).").

ORDER – 3