Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CV18-136 RSM |
|---|---|
| Petitioner, | |
| | GOVERNMENT'S MOTIONS RE: WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND TO AMEND § 2255 MOTION BRIEFING SCHEDULE |
| v. | |
| ROBERT D. THORSON, | |
| | **Noted For: Friday, May 3, 2019** |
| Respondent. | |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Stephen P. Hobbs, Assistant United States Attorney for said District, hereby files this motion regarding waiver of attorney client privilege and to amend briefing schedule.  As set forth herein, Robert Thorson has implicitly waived the attorney-client privilege with respect to the ineffective assistance of counsel issues raised in his 2255 motion.  The government should be permitted to speak with Thorson's former counsel, Stephan Illa, regarding Thorson's ineffective assistance of counsel claims and to receive copies of any documents in his file pertaining to these claims.  Finally, in order to allow the parties adequate time to address this motion, and for the government to investigate the ineffective assistance claims, the government proposes amending the briefing schedule as set forth herein.

Government's Motion Re Waiver of Attorney-Client Privilege - 1
*U.S. v. THORSON* / CV18-136 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I. PROCEDURAL BACKGROUND[1]

Defendant Robert D. Thorson, was convicted by a jury of Production of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(e), and Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and §2252(b)(2). Dkt. 87. On May 12, 2017, the Court sentenced Thorson to 324 months. Dkt. 131 & 132.

On January 30, 2018, Thorson filed a "Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255" (the 2255 motion"). 2255 Dkt. 1.

On March 28, 2019, the Court ordered the government to respond to Thorson's original 2255 motion (2255 Dkt. 1) within 45 days. 2255 Dkt. 26.

## II. DISCUSSION

The Ninth Circuit has held that a petitioner in a habeas corpus action who raises a Sixth Amendment claim of ineffective assistance of counsel waives the attorney client privilege as to the matters challenged. *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). In *Bittaker*, the Ninth Circuit noted that "[t]he rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation dates back to at least to *Hunt v. Blackburn*, 128 U.S. 464 (1888)." *Bittaker*, 331 F.3d at 718 (parallel citations omitted). The Ninth Circuit has referred to "this simple rule" as the "fairness principle." *Id*. at 719.

Under this principle, a party may not use the privilege as both a shield and a sword; thus, when a party raises an issue that would make it unfair to protect that party's attorney-client privilege, the courts find that the party has implicitly waived it. *Id*.; see also *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888) ("if the client has voluntarily waived the privilege, it cannot be insisted on to close the mouth of the attorney"); *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (attorney-client privilege implicitly waived when defendant raised issue of attorney disparagement); *Wharton v. Calderon*,

---

[1] "Dkt." refers to the docket numbers under CR16-277-RSM. "2255 Dkt." refers to the docket numbers under CV18-136-RSM

Government's Motion Re Waiver of Attorney-Client Privilege - 2
*U.S. v. THORSON* / CV18-136 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

127 F.3d 1201, 1203 (9th Cir. 1997); H*ome Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived."). The Ninth Circuit has explained that "[i]n practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege." *Bittaker*, 331 F.3d at 719.

The extent of the waiver is determined by the nature of the claims alleged. If the claims put the privileged information at issue, and allowing the privilege would deny the opposing party access to information vital to its defense, it is waived as to that information. *Home Indem. Co.*, 43 F.3d at 1326. The court's "overarching concern" is whether application of the privilege would be "manifestly unfair" to the opposing party. *Id*. Thus, "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. . . . [Courts] that have imposed waivers under the fairness principle have therefore closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question." *Bittaker*, 331 F.3d at 720-721. The Ninth Circuit has noted that: "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." *Id*. at 721. Finally, the waiver should be limited, such that otherwise privileged conversations should be used only to resolve the dispute at hand. *Id*.

In his 2255 motion, Thorson raises the following ineffective assistance of counsel claims:

- **Communication of Plea Offer.** Thorson asserts that trial counsel deliberately failed to communicate a plea offer by the government until after trial.

- **Investigation of Defense.** Thorson asserts that trial counsel failed to investigate his alleged defenses, specifically that Lukens' brother Charles was a pedophile who must have committed the criminal acts

Government's Motion Re Waiver of Attorney-Client Privilege - 3
*U.S. v. THORSON* / CV18-136 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

for which Thorson was charged and who must have been responsible for the fingerprint on picture taken on Thorson's cellphone.

- **Timing of Child Pornography Evidence.**  Thorson asserts that trial counsel failed to investigate the fact that all of the evidence of child pornography appears on Thorson's electronic devices one month after Thorson met Luksan.

- **Lies During Opening Statement.**  Thorson asserts that trial counsel told "lies" during opening statement, specifically that not everyone in the house could afford a phone that Thorson paid the household bills, and that Luksan had heard Thorson hang up quickly on the phone which she considered "suspicious behaviour".

- **Investigation of Penis Tattoo.**  Thorson asserts that trial counsel failed to investigate his claim that he had a tattoo on his penis since 1988.  Includes a claim that defense counsel failed to follow up with state defense counsel, his former wife, and a friend.

- **Failure to Impeach Witnesses at Trial.**  Thorson asserts that trial counsel failed to impeach witnesses at trial.  This claim is extraordinarily vague, but appears to relate to the Thorson's fifth ground for relief.

- **Motion to Supress.**  Thorson asserts that trial counsel only made a "token" effort to suppress the evidence from the search of Thorson's cell phone.

- **Response to Government's Motions in Limine.**  Thorson asserts that trial counsel failed to respond to government motions precluding him from presenting certain affirmative defenses.

See Thorson 2255 Motion, Ground for Relief Four (Ineffective Assistance of Counsel), attached as Exhibit A.

     Consistent with the "fairness principle," the government respectfully submits that it is entitled to speak with trial counsel Stephan Illa regarding the issues summarized above, to include discussion concerning any communications, whether oral or written, between Mr. Illa and Thorson that touches on the alleged ineffective assistance of counsel claims.  Further, the government respectfully submits that it is entitled to copies of any documents in Mr. Illa's case file pertaining to these issues.  The government dos not object to Mr. Illa providing his responses in a summary declaration for the Court.

Government's Motion Re Waiver of Attorney-Client Privilege - 4
*U.S. v. THORSON* / CV18-136 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III. MOTION TO AMEND BRIEFING SCHEDULE

The government's response to Thorson's 2255 motion is currently due on Friday, May 10, 2019. The government wants to give Thorson the opportunity to respond to this motion and -- should the Court permit the government to discuss the ineffective assistance of counsel allegations with Mr. Illa -- will also need a reasonable amount of time to afterward to review Mr. Illa's response and to finalize the government's response to Thorson's 2255 Motion.

Accordingly, to provide time for Thorson to receive and respond to this motion, the government is noting it for May 3, 2019.

The government requests that the current due date for its answer brief to Thorson's 2255 motion be stricken and that it be given until Friday, June 28, 2019 to file its response to Thorson's 2255 motion. The government will file its response at an earlier date if it has received the relevant information from Mr. Illa that allows it to do so.

### IV. CONCLUSION

For the reasons set forth herein, the Court should issue an order recognizing that Thorson has implicitly waived his attorney-client privilege with respect to his claim ineffective assistance of trial counsel claims; permitting his former attorney to speak with the government about these issues and to provide copies of any documents from his case

//
//
//
//
//
//
//
//
//
//

Government's Motion Re Waiver of Attorney-Client Privilege - 5
*U.S. v. THORSON* / CV18-136 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 file pertaining to this issue.  Further, the government should be permitted to file its
2 response to Thorson's 2255 motion by June 28, 2019.
3         DATED this 10th day of April, 2019.

                              Respectfully submitted,

                              BRIAN T. MORAN
                              United States Attorney

                              */s/ Stephen P. Hobbs*
                              STEPHEN P. HOBBS
                              Assistant United States Attorney
                              United States Attorney's Office
                              700 Stewart Street, Suite 5220
                              Seattle, Washington 98101
                              Phone: (206) 553-4301
                              Fax: (206) 553-0755
                              E-mail: stephen.p.hobbs@usdoj.gov

Government's Motion Re Waiver of Attorney-Client Privilege - 6
*U.S. v. THORSON* / CV18-136 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and to be served on the Defendant, David Posey, who is proceeding *pro se*, by First Class Mail to the following address:

Robert D. Thorson
FCI Sheridan
27072 Ballston Road
Sheridan, OR 97378

*/s/ Becky Hatch*
BECKY HATCH
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4161
Fax: (206) 553-0755
Email: becky.hatch@usdoj.gov

Government's Motion Re Waiver of Attorney-Client Privilege - 7
*U.S. v. THORSON* / CV18-136 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970