# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ROBERT D. THORSON,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. C18-136 RSM<br><br>ORDER DENYING PETITIONER'S MOTION TO ARREST SENTENCE AND JUDGMENT FOR LACK OF JURISDICTION |

This matter is before the Court on Petitioner's Motion to Arrest Sentence and Judgment for Lack of Jurisdiction. Dkt. #25. Petitioner seeks to arrest the judgment and sentence in his criminal case on two bases. First, Petitioner argues that his Fifth and Sixth Amendment rights were violated by a failure to adhere to Federal Rules of Criminal Procedure 7(c)(1) and 10(a)(1). Dkt. #25 at 1. Second, he argues that he never received an indictment, was not shown an indictment, and did not hear an indictment "read in open court prior to being called upon to plead[ or] before being tried in open court." *Id.*

However, Petitioner makes clear that his true complaint is that the indictment "did not allege essential elements of the crime, [and] thus, failed to charge a crime." *Id.* This is simply a reworking of an issue Petitioner previously sought to add to his Petition by way of motions to amend. *See* Dkt. #22 at 18–35; Dkt. #20 at 18–35. But Petitioner withdrew his request to file an

ORDER – 1

amended petition—after the Court granting his request—and elected to proceed on his original § 2255 Petition. Dkts. #24 and #26. With this context, Petitioner's Motion is a clear attempt to re-raise an issue that he has elected not to pursue. But, even if Petitioner could re-raise the issue, he has failed to do so in a procedurally proper way.

A motion to arrest judgment—provided for under Federal Rule of Criminal Procedure 34—is a remedy where the court lacks jurisdiction of the charged offense. Fed. R. Crim. P. 34(a). However, "[t]he defendant must move to arrest judgment within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere." Fed. R. Crim. P. 34(b).

Petitioner does not file his Motion in his criminal case, but in this civil habeas proceeding. Even so, Petitioner is clearly precluded from pursuing relief under Federal Rule of Criminal Procedure 34 because his Motion is untimely. *Drown v. United States*, 198 F.2d 999, 1007 (9th Cir. 1952) (noting that a motion to arrest judgment must be filed in compliance with the time limits of the rule and finding that district court correctly denied motion to arrest judgment filed 28 days after judgment where delay was caused by new counsel familiarizing himself with the record). Further, Petitioner does not argue that he should be afforded additional time on the basis of excusable neglect. *See* Fed. R. Crim. P. 45(b)(1)(B). But even if he did, Petitioner indicates that he obtained a copy of the indictment no later than April 17, 2018, and filed his Motion almost a year later. Dkt. #25 at 4.

///

///

///

///

///

ORDER – 2

Accordingly, the Court having considered Petitioner's Motion and the remainder of the record, Petitioner's Motion to Arrest Sentence and Judgment for Lack of Jurisdiction (Dkt. #25) is DENIED. The Clerk of the Court is directed to mail a copy of this Order to Robert D. Thorson, No. 48042-086, FCI-Sheridan, Federal Correctional Institution, P.O. Box 5000, Sheridan, OR 97378.

DATED this 12th day of April 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE