UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT D. THORSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C18-136RSM<br><br>ORDER GRANTING IN PART THE GOVERNMENT'S MOTION RE: WAIVER OF ATTORNEY-CLIENT PRIVILEGE |

This matter is before the Court on the Government's Motion re: Waiver of Attorney-Client Privilege and to Amend § 2255 Motion Briefing Schedule. Dkt. #28.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (citations omitted).

The Government argues that Petitioner Thorson implicitly waived the attorney-client privilege by bringing an ineffective assistance of counsel claim, and that more time is needed to speak with Stephan Illa, Mr. Thorson's former attorney. Dkt. #28. However, in his Response Mr. Thorson explicitly states that he "has not implicitly waived any constitutional rights either knowingly or intentionally," and that the Government "may treat Mr. Illa as any other witness

ORDER – 1

without trampling upon the Petitioner's constitutional rights." Dkt. #30 at 1. On Reply, the Government suggests that the Court can "[a]ccept Thorson's specific contention that he is declining to waive any constitutional rights (specifically including the attorney client privilege with his former attorney) and strike Ground for Relief Four from Thorson's 2255 motion in its entirety…" Dkt. #31 at 2. The Government suggests in the alternative that the Court find, "despite his protestation to the contrary," that Mr. Thorson has implicitly waived he attorney-client privilege and permit the Government to speak with his former attorney about issues raised in Ground for Relief Four. *Id*.

The Court accepts Mr. Thorson's explicit statement that he has not waived the attorney-client privilege, with explicit reference to Mr. Illa. However, it is clear that he cannot continue with an ineffective assistance of counsel claim and refuse to waive the attorney-client privilege with the allegedly ineffective counsel in question. Accordingly, having considered the relevant briefing and the remainder of the record, the Court finds and ORDERS that the Government's Motion re: Waiver of Attorney-Client Privilege, Dkt. #28, is GRANTED IN PART. Mr. Thorson's Ground for Relief Four is DISMISSED. The Government's answer to the remainder of the pending 2255 motion is due Friday, May 10, 2019.

The Clerk of the Court is directed to mail a copy of this Order to Robert D. Thorson, No. 48042-086, FCI-Sheridan, Federal Correctional Institution, P.O. Box 5000, Sheridan, OR 97378.

DATED this 6th day of May 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 2