# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ROBERT D. THORSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C18-136 RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND RECUSAL |

This matter is before the Court on Petitioner's Motion to Reconsider Order Granting Government's Motion Dkt. 28. Dkt. #34. Petitioner's Motion additionally requests that the Undersigned recuse himself from this matter. *Id.* For the following reasons, the Motion is denied.

**A. Reconsideration**

Pursuant to this Court's Local Civil Rules:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

LCR 7(h)(1).

ORDER – 1

Petitioner maintains that this Court should not have granted the Government's Motion re: Waiver of Attorney-Client Privilege and to Amend § 2255 Motion Briefing Schedule (Dkt. #28) ("Waiver Motion") because the Waiver Motion was not properly before the Court. Dkt. #34 at 1. Specifically, Petitioner argues that the United States Attorney for the Western District of Washington, Brian T. Moran, had not properly appeared in this action. *Id.* Petitioner fails to acknowledge that the motion was submitted by Assistant United States Attorney Stephen P. Hobbs on behalf of United States Attorney Brian Moran and that Stephen P. Hobbs has properly appeared before this Court. Dkt. #6. Regardless, Petitioner provides no reason why this argument—premised upon the face of the Waiver Motion itself—could not have been timely raised in Petitioner's Response to the Waiver Motion. *See* Dkt. #30. Petitioner does not present the Court any facts or legal authority demonstrating legal error and has not demonstrated a proper basis for reconsideration. His request is accordingly denied.

**B. Recusal**

Petitioner also requests that the Undersigned recuse himself because his rulings are biased, "he cannot be trusted to judge his own actions fairly," and because of an asserted "personal interest in the female prosecutor." Dkt. #34 at 2. Petitioner argues his baseless belief that the Court's consideration of the Waiver Motion "appears [to be] a conspiracy and ruse cooked up between the government and the judge in this case" and that the Court previously acknowledge that Petitioner "felt and perceived that the Judge in the instant case gave the appearance that he was biased." Dkt. #34 at 2–3.

Pursuant to 28 U.S.C. § 455(a), a "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have "a personal bias or prejudice

concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Further, section 144 of title 28 of the United States Code provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Under both § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Petitioner does not demonstrate that he is entitled to relief under the relevant legal standards. Petitioner points to nothing more than his subjective feelings. Petitioner does not provide any objective basis for finding an appearance of bias. What is more, Petitioner's subjective beliefs stem from the Undersigned's rulings in the underlying criminal case and this habeas case. But "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an

ORDER – 3

extrajudicial source."). Further, Petitioner's argument that the Undersigned should not hear his § 2255 Petition because he also presided over the criminal trial is contrary to the law. 28 U.S.C. § 2255 (petitioner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence"). Still further, and as recognized by a case that Petitioner himself cites, "[i]t has long been the rule in the Ninth Circuit that a judge who has conducted a criminal case is not disqualified from ruling on a motion brought under section 2255 regarding the trial court proceedings." *United States v. Seaton*, 2010 U.S. Dist. LEXIS 49027, *7, 2010 WL 1998562 (N.D. Cal. May 18, 2010) (citing *Battaglia v. United States*, 390 F.2d 256, 259 (9th Cir. 1968)).

**C. Conclusion**

Accordingly, having considered Petitioner's Motion for reconsideration and for recusal and the remainder of the record, the Court finds and ORDERS:

1. Petitioner's Motion to Reconsider Order Granting Government's Motion Dkt. 28 (Dkt. #34) is DENIED.

2. In accordance with Local Civil Rule 3(f), this Order is REFERRED to the Honorable Benjamin H. Settle, the senior active judge in this District, for review of the Undersigned's decision to not recuse himself.

3. The Clerk of the Court is directed to mail a copy of this Order to Robert D. Thorson, No. 48042-086, FCI-Sheridan, Federal Correctional Institution, P.O. Box 5000, Sheridan, OR 97378.

DATED this 17th day of May 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4