UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT D. THORSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C18-136 RSM

ORDER AFFIRMING ORDER DECLINING TO RECUSE

This matter comes before the Court on Petitioner Robert Thorson's ("Thorson") motion for recusal of Judge Martinez, Dkt. 34, and Judge Martinez's Order, Dkt. 35.

Judge Martinez has declined to voluntarily recuse and the matter was referred to the undersigned pursuant to Local Civil Rule 3(f).

The applicable recusal statute provides as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>     (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>     (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he

        previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
            (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy . . . .

28 U.S.C. § 455. Further, 28 U.S.C. § 144 provides that when "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party" a party may file an affidavit stating "the facts and reasons for the belief that bias or prejudice exists" and the case will be assigned to another judge. "Under both statutes, recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal quotations and citations omitted).

      In this case, Thorson has failed to show that recusal is warranted or appropriate. Thorson alleges that Judge Martinez is biased because a large number of Judge Martinez's rulings are contrary to law and Judge Martinez has a "very personal intertest in the female prosecutor." Dkt. 34 at 2. Regarding the former, "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Regarding the latter, Thorson has offered no actual evidence to support his allegations and seems to lodge the allegation based solely on his disagreement with Judge Martinez's legal rulings. Therefore, Thorson has failed to establish any valid

reason for Judge Martinez to recuse. The Court **AFFRIMS** Judge Martinez's order declining to recuse and **DENIES** Thorson's motion.

**IT IS SO ORDERED**.

Dated this 22nd day of May, 2019.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge